UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| BOARD OF TRUSTEES OF THE CONSTRUCTION INDUSTRY AND LABORERS HEALTH AND WELFARE TRUST, et al., <br><br>　　　　　Plaintiffs, <br>　v. <br>EVELYN BRUNS-WIT, et al., <br><br>　　　　　Defendants. | Case No. 2:14-cv-01087-MMD-PAL <br><br>ORDER |

**I.    SUMMARY**

After reviewing the filings in this case and in *Trustees of the Construction Industry and Laborers Health and Welfare Trust, et al. v. Pro-Cut LLC*, Case No. 2:12-cv-00205-GMN-VCF ("*Pro-Cut*"), the Court will temporarily stay this action in the interest of judicial economy pending the resolution of a Rule 60(b)(4) motion to set aside the judgment in the *Pro-Cut* case (dkt. no. 57).

**II.    BACKGROUND**

This case arises from a series of lawsuits filed by Plaintiffs to collect unpaid contributions owed to them by B. Witt Concrete Cutting, Inc. ("B. Witt") under a collective bargaining agreement ("CBA"). On May 24, 2010, Plaintiffs obtained an Amended Judgment in their favor and against B. Witt for delinquent contributions under the CBA. (Dkt. nos. 7 at 3, 15-1.) B. Witt defaulted under the Amended Judgment. (Dkt. no. 15 at 4.)

On February 8, 2012, Plaintiffs filed the *Pro-Cut* case, alleging that Pro-Cut was liable for B. Witt's delinquent contributions under an alter ego theory. (Dkt. no. 7 at 3.) The court in that case made an alter ego finding and granted summary judgment in favor of Plaintiffs ("*Pro-Cut* Judgment"). (Dkt. no. 15-2.) Pro-Cut subsequently filed a Chapter 7 bankruptcy petition. (Dkt. no. 7 at 3.)

On July 2, 2014, Plaintiffs filed this action, seeking to impose liability against Defendants Evelyn Bruns-Witt ("Bruns-Witt"), Bentar Development, Inc. ("Bentar"), CM Builders, Forte Specialty Contractors, LLC ("Forte"), and Aegis Security Insurance Company ("Aegis") all premised on the *Pro-Cut* Judgment. (Dkt. no. 7.)

On September 11, 2014, Defendant Bentar filed a Motion to Dismiss Plaintiffs' First Amended Complaint ("FAC"), arguing that the *Pro-Cut* Judgment is void and unenforceable because the *Pro-Cut* court lacked subject matter jurisdiction to adjudicate that case. (Dkt. no. 15.) Defendants CM Builders, Forte, AEGIS, and Bruns-Witt joined the Motion to Dismiss. (Dkt. nos. 16, 21.) Plaintiffs filed an opposition and Defendants filed a reply. (Dkt. nos. 22, 25.)

On January 5, 2015, Plaintiffs and Defendants filed a joint stipulation to stay, explaining that Defendants intended to reopen *Pro-Cut* and file a Rule 60(b) motion to set aside the judgment based on lack of subject matter jurisdiction. (Dkt. no. 34.) At the Court's request, the parties filed a joint supplement to clarify that if the *Pro-Cut* Judgment is set aside, there will be no alter ego finding between B. Witt and Pro-Cut and, therefore, no basis for the claims in this case. (Dkt. no. 37.) However, because Defendants inexplicably had not yet sought to reopen *Pro-Cut*, the Court denied the motion. (Dkt. no. 38.)

On April 3, 2015, Plaintiffs and Defendants moved to reopen *Pro-Cut*, which that court granted for the limited purpose of addressing a challenge to its subject matter jurisdiction. (Case No. 2:12-cv-00205-GMN-VCF, dkt. no. 56.) In *Pro-Cut,* Defendants have filed a Rule 60(b)(4) motion to set aside the judgment based on lack of subject matter jurisdiction ("Rule 60(b)(4) Motion"). (Dkt. no. 57.) Defendants represent that

their Rule 60(b)(4) Motion was "made and based on briefs filed in … Case No. 2:14-CV-01087-MMD-PAL," the case pending before this Court. (*Id.*) The Rule 60(b)(4) Motion has been fully briefed and is now pending a resolution by the *Pro-Cut* court.

## III.   DISCUSSION

A district court has discretionary power to stay proceedings in its own court. *Landis v. N. Am. Co.*, 299 U.S. 248, 254-55 (1936); *see also Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1109 (9th Cir. 2005). "A trial court may, with propriety, find it is efficient for its own docket and the fairest course for the parties to enter a stay of an action before it, pending resolution of independent proceedings which bear upon the case." *Leyva v. Certified Grocers of Cal., Ltd.*, 593 F.2d 857, 863 (9th Cir. 1979). "When considering a motion to stay, the district court should consider three factors: (1) potential prejudice to the non-moving party; (2) hardship and inequity to the moving party if the action is not stayed; and (3) the judicial resources that would be saved by avoiding duplicative litigation if the cases are in fact consolidated." *Pate v. Depuy Orthopaedics, Inc.*, No. 2:12-cv-01168-MMD-CWH, 2012 WL 3532780, at *2 (D. Nev. Aug. 14, 2012) (quoting *Rivers v. Walt Disney Co.*, 980 F. Supp. 1358, 1360 (C.D. Cal. 1997) (internal quotation marks omitted).

After reviewing the filings, the Court concludes that this case should be stayed pending the resolution of Defendants' Rule 60(b)(4) Motion in *Pro-Cut*. (Case No. 2:12-cv-00205-GMN-VCF, dkt. no. 57.) The *Pro-Cut* court reopened *Pro-Cut* to review whether that court has subject matter jurisdiction to adjudicate the case, which is an issue more appropriately raised in a Rule 60(b)(4) motion. Because the same issue — whether to set aside the *Pro-Cut* Judgment based on lack of subject matter jurisdiction — is raised in *Pro-Cut* and in this case, staying this case will avoid potentially inconsistent outcomes. Furthermore, because the Rule 60(b)(4) Motion is determinative of Plaintiffs' claims in this case, forcing the parties to proceed with discovery could result in unnecessary expenses and a waste of the parties and the Court's time and resources.

Accordingly, the Court finds a temporary stay of this action pending the decision in *Pro-Cut* is warranted.

### IV.   CONCLUSION

It is therefore ordered that this case is temporarily stayed pending resolution of Defendants' Rule 60(b)(4) Motion in *Trustees of the Construction Industry and Laborers Health and Welfare Trust, et al. v. Pro-Cut, LLC*, Case No. 2:12-cv-00205-GMN-VCF. The parties are directed to file a joint status report within ten (10) days from the date the *Pro-Cut* court issues a decision on the pending Rule 60(4)(b) Motion.

It is further ordered that Defendants' Motion to Dismiss First Amended Complaint (dkt. no. 15) is denied without prejudice.

DATED THIS 15th day of June 2015.

_____
MIRANDA M. DU
UNITED STATES DISTRICT JUDGE

4