Michael A. Urban, Nevada State Bar No. 3875
Nathan R. Ring, Nevada State Bar No. 12078
Seth T. Floyd, Nevada State Bar No. 11959
**THE URBAN LAW FIRM**
4270 S. Decatur Blvd., Suite A-9
Las Vegas, NV 89103
T: (702) 968-8087
F: (702) 968-8088
murban@theurbanlawfirm.com
nring@theurbanlawfirm.com
sfloyd@theurbanlawfirm.com
*Counsel for Plaintiffs Laborers Joint Trust Funds*

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| BOARD OF TRUSTEES OF THE CONSTRUCTION INDUSTRY AND LABORERS HEALTH AND WELFARE TRUST; BOARD OF TRUSTES OF THE CONSTRUCTION INDUSTRY AND LABORERS JOINT PENSION TRUST; BOARD OF TRUSTEES OF THE CONSTRUCTION INDUSTRY AND LABORERS VACATION TRUST; AND THE BOARD OF TRUSTEES OF THE SOUTHERN NEVADA LABORERS LOCAL 872 TRAINING TRUST, | CASE NO. 2:14-cv-01087-MMD-PAL  **JOINT STATUS REPORT RE FRCP 60(b)(4) MOTION AND STIPULATION TO CONTINUE STAY PENDING RECONSIDERATION** |

Plaintiffs,

vs.

EVELYN BRUNS-WITT, an individual;
BENTAR DEVELOPMENT, INC., a Nevada
corporation; CM BUILDERS, a Nevada
corporation; DICKINSON CAMERON, a
California corporation; FORTE SPECIALTY
CONTRACTORS, LLC, a Nevada limited
liability company; KNIGHT
CONSTRUCTION, INC., a Nevada
corporation; MENEMSHA
DEVELOPMENT GROUP, INC., a California
corporation; MONUMENT CONSTRUCTION,
a Nevada corporation, and AEGIS SECURITY
INSURANCE COMPANY, a Pennsylvania
Corporation,

Defendants.

1    Plaintiffs, THE BOARD OF TRUSTEES OF THE CONSTRUCTION INDUSTRY

2   AND LABORERS HEALTH AND WELFARE TRUST; THE BOARD OF TRUSTEES OF

3   THE CONSTRUCTION INDUSTRY AND LABORERS JOINT PENSION TRUST; THE

4   BOARD OF TRUSTEES OF THE CONSTRUCTION INDUSTRY AND LABORERS

5   VACATION TRUST; THE BOARD OF TRUSTEES OF SOUTHERN NEVADA LABORERS

6   LOCAL 872 TRAINING TRUST (hereinafter "Trustees"), by and through their counsel of

7   record, The Urban Law Firm, and the remaining Defendants, EVELYN BRUNS-WITT and CM

8   BUILDERS,[1] hereby file this Joint Status Report.

9    On June 15, 2015, this Court stayed this matter pending the resolution of a Rule 60(b)(4)

10  Motion filed by Defendants in Case No. 2:12-cv-00205-GMN-VCF.  (ECF No. 41).  This Court

11  further requested that the parties file a joint status report within ten (10) days "from the date the

12  *Pro-Cut* court issues a decision on the pending Rule 60(4)(b) Motion."  (*Id.*).  The Honorable

13  Gloria Navarro ultimately issued her decision on that Motion on April 26, 2016.  The written

14  Order is attached hereto as **Exhibit 1**.  In the Order, the Court determined that it did not have an

15  arguable basis for jurisdiction to render a judgment against Pro-Cut and it closed that case.

16  Plaintiffs then sought reconsideration of Judge Navarro's Order, which remains pending.

17   On August 26, 2016, this Court entered an Order requiring the parties to submit a

18  Proposed Joint Pretrial Order by September 9, 2016.  (ECF No. 48).  The parties named below

19  have conferred and agree that this matter should remain stayed pending the result of the request

20  for reconsideration as that decision will affect and determine the underlying claims in this matter.

21  / / /

22  / / /

23  / / /

24  / / /

25  / / /

26

27

28

---

[1] Plaintiffs and counsel for Aegis, Cary Domina, Esq., have filed a stipulation to dismiss Aegis with prejudice.  (ECF No. 49).

1       Accordingly, the parties hereby submit this joint status report and agree and stipulate that

2   this matter should remain stayed at least until Judge Navarro disposes of the request for

3   reconsideration.

4

5   Respectfully submitted this 6th day of September, 2016.

6

    **THE URBAN LAW FIRM**

7

8   /s/ Seth T.Floyd_____
    SETH T. FLOYD, ESQ.
    Nevada State Bar No. 11959

9   *Attorneys for Plaintiffs Laborers Joint Trust Funds*

10  **NOAH G. ALLISON**

11
    /s/ Noah G. Allison_____

12  Noah G. Allison, ESQ.
    Nevada Bar No. 6202

13  *Attorneys for Evelyn Bruns-Witt*

14  **MICHAEL T. GEBHART**

15
    /s/ Michael T. Gebhart_____

16  MICHAEL T. GEBHART, ESQ.
    Nevada Bar No. 7718

17  *Attorneys for Defendant CM Builders*

18

19                **<u>ORDER</u>**

20      The parties' request to continue the stay in this case pending the resolution of Plaintiffs'

21  motion for reconsideration of the Court's Order granting Defendants' request for relief under
    is granted.

22  FRCP 60(b)(4).^ The parties shall submit a joint status report within ten (10) days after the

23  resulting decision is entered.

24      IT IS SO ORDERED.

25

26                              _____
                         UNITED STATES DISTRICT JUDGE

27

28               Dated:___September 7, 2016_____

# Exhibit 1

1

**UNITED STATES DISTRICT COURT**

2

**DISTRICT OF NEVADA**

3

4   TRUSTEES OF THE CONSTRUCTION )
    INDUSTRY AND LABORERS HEALTH )
5   AND WELFARE TRUST, et al.,      )        Case No.: 2:12-cv-00205-GMN-VCF
                                    )
6               Plaintiffs,         )        **ORDER**
                                    )
7        vs.                        )
                                    )
8   PRO-CUT LLC,                    )
                                    )
9               Defendant.          )
                                    )

10

11         Pending before the Court is a Second Motion to Set Aside (ECF No. 63) filed by Evelyn

12   Bruns-Witt, Bentar Development, Inc., CM Builders, Inc., Forte Speciality Contractors, LLC,

13   and Aegis Security Insurance Company (collectively "Intervenors"). Plaintiffs are the Trustees

14   of the Construction Industry and Laborers Health and Welfare Trust, Trustees of the

15   Construction Industry and Laborers Joint Pension Trust, Trustees of the Construction Industry

16   and Laborers Vacation Trust, and Trustees of the Southern Nevada Laborers Local 872

17   Training Trust (collectively "Trustees"). Trustees filed a Response (ECF No. 67), and

18   Intervenors filed a Reply (ECF No. 68).[1] For the reasons set forth herein, the Court grants this

19   Motion.

20   _____

21   [1] Trustees also filed a Motion for Leave to File a Sur-Reply (ECF No. 69). Local Rule 7–2(a)(c) allows a for
     motion, a response, and a reply. No provision exists for filing a sur-reply. Thus, a party must obtain leave from
22   the Court before filing a sur-reply. "A sur-reply may only be filed by leave of court, *and only to address new
     matters raised in a reply to which a party would otherwise be unable to respond.*" *Kanvick v. City of Reno,* No.
23   3:06–CV–00058, 2008 WL 873085, at *1 n.1 (D. Nev. Mar. 27, 2008). Further, sur-replies "are highly
     disfavored, as they usually are a strategic effort by the nonmovant to have the last word on a matter." *Lacher v.
24   W.,* 147 F. Supp. 2d 538, 539 (N.D. Tex. 2001).

25   Here, Trustees requests an opportunity to respond to new case law presented by Intervenors in their Reply. *See*
     (Mot. for Leave to File Sur–Reply 2:8–12). Intervenors have not opposed this Motion. Because Intervenors
     present new matters for the first time in the Reply and have failed to oppose the motion, the Court grants

1   **I.    BACKGROUND**

2       This case centers upon Trustees' claims against Defendant Pro-Cut, LLC ("Pro-Cut") for

3   delinquent ERISA contributions owed by its alleged alter ego, B. Witt Concrete Cutting, Inc.

4   ("B. Witt").[2]  On August 9, 2013, the Court found that Pro-Cut was the alter ego of B. Witt.

5   (Order 8:8, ECF No. 40).  As a result, the Court granted Trustees' motion for summary

6   judgment and denied Pro-Cut's competing motions for summary judgment. (*Id.* 8:9).

7   Accordingly, the Clerk of Court entered judgment in favor of Trustees that same day. (Clerk's

8   J., ECF No. 41).

9       On April 15, 2015, the Court granted the parties' stipulated motion to reopen this case

10  for the limited purpose of reviewing subject matter jurisdiction. (Order, ECF No. 56).  Shortly

11  thereafter, Intervenors filed this Motion pursuant to Federal Rule of Civil Procedure 60(b)(4) to

12  set aside the Court's Order granting Trustees' motion for summary judgment for lack of subject

13  matter jurisdiction. (Mot. to Set Aside 1:24–25, ECF No. 63).

14  **II.   LEGAL STANDARD**

15      A motion to set aside that asserts a judgment is void pursuant to Rule 60(b)(4) is

16  generally granted "only for the exceptional case in which the court that rendered judgment

17  lacked even an 'arguable basis' for jurisdiction." *United Student Aid Funds, Inc. v. Espinosa*,

18  559 U.S. 260, 271 (2010) (citation omitted).  If the court determines that the judgment is void,

19  it has no discretion to deny relief from judgment. *Thos. P. Gonzalez Corp. v. Consejo Nacional*

20  *de Produccion de Costa Rica*, 614 F.2d 1247, 1256 (9th Cir. 1980).  "[W]hen deciding whether

21  an order is 'void' under . . . Rule 60(b)(4) for lack of subject matter jurisdiction, courts must

22  look for the rare instance of a clear usurpation of power." *Espinosa v. United Student Aid*

23

24  Trustees' request to file a sur-reply. *See* D. Nev. R. 7–2(d) ("The failure of an opposing party to file points and

25  authorities in response to any motion shall constitute a consent to the granting of the motion.").

[2] Pro-Cut declared bankruptcy on January 22, 2014. (*See* Notice of Bankruptcy 1:23, ECF No. 50).

1   *Funds, Inc.*, 553 F.3d 1193, 1199 (9th Cir. 2008), *aff'd*, 559 U.S. 260, 130 (2010) (citation

2   omitted).  There is no time limit on a Rule 60(b)(4) motion to set aside a judgment as void.

3   *Meadows v. Dominican Republic*, 817 F.2d 517, 521 (9th Cir. 1987).

4   **III.    DISCUSSION**

5       Merely pleading that a case arises under ERISA is insufficient on its own to confer

6   federal subject matter jurisdiction. *See Peacock v. Thomas*, 516 U.S. 349, 353–54 (1996)

7   (holding that a veil-piercing claim, brought to enforce a judgment against a non-party to

8   previous ERISA action, did not state a cause of action under ERISA and could not

9   independently support federal jurisdiction).  Intervenors argue that pursuant to *Peacock* the

10   Court should set aside its judgment in this case because it lacked subject matter jurisdiction to

11   decide the matter.  Specifically, Intervenors assert that "there is no claim for direct [ERISA]

12   liability against Pro-Cut" given that "Pro-Cut did not exist at the time the ERISA judgment was

13   entered against B Witt." (Mot. to Set Aside 10:24–27, ECF No. 63).  In response, Trustees

14   contend that a successor entity need not exist at the time of the original ERISA violation to

15   assert direct liability under an alter ego theory because "[w]hen one company is the alter ego of

16   another, there is no true predecessor or successor, only one company." (Resp. 8:16–17, ECF

17   No. 67).

18       Whether an alter ego claim independently supports federal jurisdiction presents an issue

19   of first impression in the Ninth Circuit and is the subject of a circuit split. *Compare Ellis v. All*

20   *Steel Const., Inc.*, 389 F.3d 1031, 1035 (10th Cir. 2004) ("[I]f ERISA liability is asserted

21   derivatively against a second entity that did not directly participate in the ERISA violation—as

22   for example, where successor liability is asserted—then a separate basis for federal jurisdiction

23   must be established."), *and U.S.I. Properties Corp. v. M.D. Const. Co.*, 230 F.3d 489, 499 (1st

24   Cir. 2000) ("Since the alter ego argument offers a new substantive theory that seeks to establish

25   liability directly on the part of a third party, . . . some independent ground for federal

1   jurisdiction is necessary."), *with Bd. of Trs., Sheet Metal Workers Nat'l Pension Fund v. Elite*

2   *Erectors, Inc.*, 212 F.3d 1031, 1038 (7th Cir. 2000) ("[A] contention that *A* is *B*'s 'alter ego'

3   asserts that *A* and *B* are *the same entity*."), *and Int'l Union, United Auto., Aerospace & Agr.*

4   *Implement Workers of Am. v. Aguirre*, 410 F.3d 297, 301–02 (6th Cir. 2005) (same).  The Court

5   need not enter this fray, however, because the Trustees have not demonstrated that jurisdiction

6   is proper under either approach.[3]

7          Trustees do not dispute that the *Ellis* line of cases foreclose jurisdiction in this action.

8   These cases require an independent basis for jurisdiction where alter ego liability is alleged

9   vicariously against a successor entity. *See Ellis*, 389 F.3d at 1035.  However, "[n]o separate

10  federal jurisdictional basis is needed when ERISA liability is asserted *directly* against a second

11  entity based upon that second entity's direct role in the ERISA violation." *Id.*; *see also Trs. of*

12  *the N.Y. City Dist. Council of Carpenters Pension Fund v. Lee*, No. 15-cv-8081 (KBF), 2016

13  WL 1064616, at *4 (S.D.N.Y. Mar. 14, 2016).  Here, Trustees could not allege that Pro-Cut

14  directly participated in the ERISA violation because Pro-Cut did not exist when B. Witt's

15  ERISA violation occurred.  As a result, this case is "a garden-variety judgment-enforcement

16  action based on a retroactive alter-ego claim." *Id.* at 1036.  Consequently, while Pro-Cut may

17  be liable for the underlying ERISA violation under an alter ego theory, the Court has no

18  authority to make that determination.

19          In addition, the *Elite Erectors* line of cases relied upon by Trustees are similarly

20  inapposite.  In *Elite Erectors*, no preexisting judgment against the ERISA employers existed.

21  *Elite Erectors*, 212 F.3d at 1033.  Instead, the *Elite Erectors* plaintiffs brought a single lawsuit

22

23

---

24  [3] The Court observes that this split has arisen despite the Supreme Court's indication in *Peacock* that its holding, though specifically addressing a veil-piercing claim, was broad enough to address the conflicting practices of

25  several circuits that had involved alter ego claims. *See Peacock*, 516 U.S. at 352 n.2 (noting that the Court was resolving a conflict between *Sandlin v. Corporate Interiors Inc.*, 972 F.2d 1212, 1218 (10th Cir. 1992) (finding no jurisdiction over alter ego claim) and *Blackburn Truck Lines, Inc. v. Francis*, 723 F.2d 730, 731–32 (9th Cir. 1984) (affirming jurisdiction over alter ego claim)).

1  against the original ERISA employers and their alter egos. *Id.* As the Seventh Circuit noted,

2  such facts are distinguishable from the facts here, where the instant lawsuit is simply an attempt

3  to collect on a judgment obtained in a separate lawsuit. *See id.* at 1037 ("*Peacock* is limited, we

4  have held, to successive litigation."). Trustees have therefore failed to demonstrate that

5  jurisdiction exists under the *Elite Erectors* approach.

6       Because the parties are not diverse from one another and Trustees' alter ego claim does

7  not arise under federal law, no arguable basis for jurisdiction exists in this case. Accordingly,

8  the Court's Order of August 9, 2013 (ECF No. 40) is void for lack of subject matter

9  jurisdiction.

10 **IV.   CONCLUSION**

11      **IT IS HEREBY ORDERED** that Trustees' Motion for Leave to File a Sur-Reply is

12 **GRANTED** (ECF No. 69).

13      **IT IS FURTHER ORDERED** that Intervenors' Renewed Motion to Set Aside

14 Judgment (ECF No. 63) is **GRANTED**.

15      The Clerk of Court shall close the case.

16      **DATED** this __26__ day of April 2016.

17

18                                _____

19                         Gloria M. Navarro, Chief Judge
                        United States District Judge

20

21

22

23

24

25